IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Colleen Baum, as next friend of daughter, Cate Baum; Imelda Garcia, as next friend of daughter Angela Benitez; and Jacquella Stewart, as next friend of daughter, Jaquesha Stewart. § § § § § § | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br>**JURY REQUESTED** |
| *Plaintiffs* | | |
| vs. | | |
| FORT WORTH INDEPENDENT SCHOOL DISTRICT | | |
| *Defendant* | | |

## ORIGINAL COMPLAINT

Come now Plaintiffs, Colleen Baum, as next friend of daughter, Cate Baum; Imelda Garcia, as next friend of daughter, Angela Benitez; and Jacquella Stewart, as next friend of daughter, Jaquesha Stewart ("Plaintiffs") and file this their Original Complaint against the Fort Worth Independent School District ("Defendant") alleging the violation of various rights of Plaintiffs guaranteed to them by the law, the Constitution of the United States and the Constitution of the State of Texas, as more specifically pled herein. Plaintiffs reserve the right to re-plead if new claims and issues arise upon further development of the facts, as permitted by law.

In support thereof, Plaintiffs would respectfully show the Court as follows:

**I.
STATEMENT OF THE CASE**

1.1     This is an action for declaratory and injunctive relief.  Defendant has violated (1) Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 *et seq.* ("Title IX") and the regulations adopted thereto, and (2) the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution and 42 U.S.C. § 1983, by illegally denying the Plaintiffs' daughters at Defendant Fort Worth Independent School District ("FWISD" or the "District")  (1) an equal opportunity to participate in interscholastic and other school-sponsored athletics and (2) the equal treatment and benefits that must necessarily accompany an equal opportunity to participate.

1.2   FWISD's denial of equal participation and equal treatment and benefits constitutes discrimination against the Plaintiffs based solely on their gender. Specifically, as to unequal participation opportunities, Defendant has discriminated against the Plaintiffs' daughters in the accommodation of student interests and abilities in athletics by knowingly and illegally selecting and offering sports and/or levels of competition in a manner which discriminates against female students. For example, notwithstanding the Plaintiffs' daughters, and a significant number of other female students at FWISD, who have the interest and abilities necessary to participate in athletics, the District has refused to provide them with an equal opportunity to participate in girls' rugby.

1.3   Furthermore, as to unequal treatment and benefits, Defendant has discriminated against Plaintiffs' daughters in the following areas: (1) funding of athletics (2) equipment and supplies; (3) scheduling of games and practice times; (4) travel and/or meals; (5) opportunity to receive qualified coaching; (6) assignment and/or compensation of coaches; (7) provision of locker rooms and facilities for both practice and competition; and (8) provision of training facilities and services.

1.4   This action seeks to redress the deprivation of the Plaintiffs' daughters' rights to an equal opportunity to participate in interscholastic and other school-sponsored athletics and to receive the equal treatment and benefits which must necessarily accompany an equal

opportunity to participate. This action seeks a declaratory judgment that Defendant has violated Plaintiffs' daughters' rights under federal law and the United States Constitution. This action further seeks an injunction requiring Defendant to immediately cease its discriminatory practices; to remedy the effects of its discriminatory practices; and to remedy the effect of its discriminatory conduct.

1.5  Plaintiffs seek injunctive relief which, among other things, requires that Defendant sponsor and fund rugby for female students, to obtain meaningful participation opportunities which are comparable to those offered to male students enrolled at Plaintiffs' daughters' schools at FWISD.

1.6  Plaintiffs further seek injunctive relief which requires that FWISD provide the girls' athletic teams at their daughters' schools at FWISD with equal treatment and benefits as FWISD already provides to its boys' athletic teams.

## II.
## JURISDICTION AND VENUE

2.1  The first claim arises under 20 U.S.C. §1681, *et seq.* and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2.2  The second claim also arises under 20 U.S.C. § 1681 *et seq.* and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2.3  The third claim arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2.4     Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.

2.5     Venue is proper pursuant to 28 U.S.C. §1391(b). These claims arose in Fort Worth, Texas, which is within the jurisdiction of this Court.

## III.
## PARTIES

3.1     Plaintiff Colleen Baum is the mother of Cate Baum. Cate is a 17-year-old twelfth grade student at Paschal High School, one of FWISD's secondary schools. She is a talented athlete who participates in community club rugby. She would like to participate in school-sponsored and interscholastic girls' rugby and was able and ready to compete for a position on a girl's rugby team, had one been fielded. Thus, her opportunities to participate in interscholastic and other school-sponsored athletics are not comparable to the opportunities afforded to boys who are similarly situated. In addition, she has endured the unequal treatment and benefits directed by FWISD toward their female athletes. Colleen Baum is a resident of Fort Worth, Texas, which is in the jurisdiction of this Court.

3.2     Plaintiff Imelda Garcia is the mother of Angela Benitez.  Angela is a 17-year-old twelfth grade student at Trimble Tech High School, one of FWISD's secondary schools. She is a talented athlete who participates in club rugby. She would like to participate in interscholastic girls' rugby and was able and ready to compete for a position on a girl's rugby team, had one been fielded. Thus, her opportunities to participate in interscholastic and other school-sponsored athletics are not comparable to the opportunities afforded to boys who are similarly situated. In addition, she has endured the unequal treatment and benefits directed by FWISD toward their female athletes. Imelda Garcia is a resident of Fort Worth, Texas, which is in the jurisdiction of this Court.

3.3     Plaintiff Jacquella Stewart is the mother of Jaquesha Stewart. Jaquesha is a 17-year-old twelfth grade student at O.D. Wyatt School, one of FWISD's secondary schools. She is a talented athlete who participates, when able, in basketball and in club rugby. She would like to participate in interscholastic girls' rugby and would compete for a position on a girl's rugby team, had one been fielded. Thus, her opportunities to participate in interscholastic and other school-sponsored athletics are not comparable to the opportunities afforded to boys who are similarly situated. In addition, she has endured the unequal treatment and benefits directed by FWISD toward their female athletes. Jacquella Stewart is a resident of Fort Worth, Texas, which is in the jurisdiction of this Court.

3.4     Defendant Fort Worth Independent School District ("Defendant" and/or the "District") is a school district organized under the laws of the State of Texas. FWISD is authorized under such law to operate and control FWISD schools including Paschal High School; O.D. Wyatt High School and Trimble Tech High schools where Plaintiffs' daughters are students. Therefore, FWISD's conduct is considered state action under 42 U.S.C. § 1983. FWISD is located in Fort Worth, Texas, which is within the jurisdiction of this Court. Since the passage of Title IX, FWISD has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs at FWISD, including athletics, are subject to the requirements of Title IX. Service on FWISD can be made by serving its Superintendent, Dr. Kent Paredes Scribner at 100 N. University Drive, SW 207, Fort Worth, Texas 76107.

## IV.
## GENERAL ALLEGATIONS

### A.   FACTUAL BACKGROUND

4.1   For over a decade, families, students, teachers and other stakeholders have been advocating to the schools and the administration of FWISD for the support and inclusion of girls' rugby at high schools within the District where there was sufficient interest.

4.2   Specifically, since 2017, the District's Title IX office has been aware of the allegations made in this Complaint, regarding the breaches of Title IX by FWISD. FWISD has responded through its outside counsel, but no improvement has taken place. An extensive packet of information justifying girls rugby as a fall varsity sport in FWISD for the 2020-2021 school year was submitted, including sign-up sheets showing the extensive interest of girls in rugby as a fall varsity sport for each of Paschal, Trimble Tech, Arlington Heights, Northside, South Hills and O.D. Wyatt high schools for the school year 2019-2020. The lists at each school ranged from 16 to 29 girls at that time, with a total over 133. The packet drew the FWISD's attention to the participation gap at FWISD high schools between male and female students in high school athletics, which violates Title IX, as explained below (*see* ¶ 4.14).

4.3   On two separate occasions since 2018, girls interested in playing rugby for their FWISD high schools addressed the FWISD school board during the public comment portion of school board meetings. Girls interested in playing rugby have also written letters to the FWISD school board.

4.4   Proponents of girls' rugby have sought recognition as a varsity sport, or, when student clubs have formed, have sought to be treated equally, regarding to access to facilities, with official or unofficial club sports which benefit solely or mostly male students. FWISD has refused to permit or support either, and has ignored disparities in treatment of to girls' rugby clubs

as opposed to boys' or mostly boys' clubs. Dozens of girls at a time have been interested in playing rugby at schools within FWISD, (thirty girls at each of five schools, at one point). That interest has never been developed or met by FWISD. On the contrary, the District has been deliberately indifferent to acts of discrimination when it had actual knowledge of the discriminatory acts.

4.5     In 2008, for example, the girls club rugby team (with forty girls) was using the softball field at Trimble Tech, with permission, for practice. They were displaced by the boys' freshman football team, despite the availability of the baseball field for the boys' use, and the permission given by the softball coach for the girls' rugby club to use the softball field. The girls' rugby team was not given any alternative field to use. The girls' club rugby was then told to move to spring, at which point its numbers dwindled. During the spring, as rugby proponents have explained repeatedly to FWISD, there are more girls sports available already. The need and interest in girls' rugby is for rugby as a fall sport.

4.6     More recently, in 2021, at Trimble Tech, the girls club rugby team asked to practice on either the baseball or softball field, but they were denied access. This left the girls with the front of the school, which is half pavement and unsafe, as the only place on to practice. In contrast, the club power-lifting team at Trimble Tech (mostly or all male) is given access to appropriate facilities, as well as other benefits not afforded girls' club rugby.

4.7     Plaintiffs have informed FWISD that its actions discriminate against their daughters and against all of FWISD's female students at Plaintiffs' daughters' schools, and that these actions constitute violations of the Title IX rights of these students. Despite the fact that Plaintiffs have drawn these inequities to the attention of FWISD, it has continued to fail and refuse to take the necessary actions to remediate existing violations, even though the Regulations mandate

that it do so. FWISD has been deliberately indifferent to acts of discrimination of which the institution had actual knowledge.

### B. THE REQUIREMENT OF TITLE IX

4.8 Title IX, enacted in 1972, provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Civil Rights Restoration Act of 1987 made Congress' intent plain that "program or activity," as used in Title IX, applies to any program or activity so long as any part of the public institution receives federal financial assistance. 20 U.S.C. § 1687. Thus, FWISD is subject to Title IX even if none of the funding for either its girls' or boys' athletic programs comes specifically from federal sources.

4.9 In 1975, the Department of Health, Education and Welfare (the predecessor of the United States Department of Education ("DOE")) adopted regulations interpreting Title IX. These regulations are codified at 34 C.F.R. Part 106. (the "Regulations").

4.10 With regard to athletic programs, § 106.41(a) of 34 C.F.R. provides that interscholastic athletics are included within the "program or activity" requirements of Title IX:

> No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient....

4.11 C.F.R. § 106.41(c) specifies ten (10) factors that are to be considered in the determination of equal athletic opportunity:

1. Whether the selection of sports and levels of competition effectively accommodate the interest and abilities of members of both sexes;
2. The provision of equipment and supplies;

  3. Scheduling of games and practice time;

  4. Travel and per diem allowance;

  5. Opportunity to receive coaching and academic tutoring;

  6. Assignment and compensation of coaches and tutors;

  7. Provision of locker rooms, practice and competitive facilities;

  8. Provision of medical and training facilities and services;

  9. Provision of housing and dining facilities and services; and

  10. Publicity.

Another factor to be considered is a school's "failure to provide necessary funds for teams for one sex." *Id*.

  4.12 In 1979, the Office of Civil Rights of the Department of Education ("OCR") issued a policy interpretation of Title IX and the Regulations. This policy interpretation is found at 44 Fed. Reg. 71413 (1979) (the "Policy Interpretation").

  4.13 The Policy Interpretation provides that, in order to comply with Title IX and 34 C.F.R. § 106.41(c), schools must provide equal athletic opportunities in three general areas: (1) awarding of scholarships (aimed primarily at problems at the intercollegiate level); (2) participation opportunities (including both the number of opportunities and whether the selection of sports and the level of competition effectively accommodate the interests and abilities of members of both sexes); and (3) treatment and benefits. 44 Fed. Reg. at 71414. Although the scholarship regulations are not at issue in this complaint, equal participation opportunities and equal treatment and benefits are.

  4.14 According to the Policy Interpretation, compliance in the area of equivalent participation opportunities is to be determined by the following three-part test:

> (1) whether interscholastic and other school-sponsored athletic participation opportunities for male and female students are provided in numbers substantially proportionate to their respective enrollments; or

(2) where the members of one sex have been and are underrepresented among interscholastic and other school-sponsored athletics, whether the institution can show a history and continuing practice of program expansion which is demonstrably responsive to the developing interest and abilities of the members of that sex; or

(3) where the members of one sex are underrepresented among interscholastic and other school-sponsored athletics and the institution cannot show a continuing practice of program expansion such as that cited above, whether it can be demonstrated that the interests and abilities of the members of that sex have been fully and effectively accommodated by the present program. *See* 44 Fed. Reg. at 71418.

4.15    Under both the Regulations and the Policy Interpretation, compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of factors (2) through (10) of 34 C.F.R. § 106.41(c) listed above and an analysis of whether the necessary funds are provided for teams of both sexes.

4.16    The Regulations require that sponsors of interscholastic and other school-sponsored athletics (such as FWISD) take such remedial actions as are necessary to overcome the effects of gender discrimination in violation of Title IX. See 34 C.F.R. § 106.41(a). On information and belief, FWISD has not taken such appropriate and legally required remedial actions. Any remedial actions which FWISD has taken in the past have been insufficient to satisfy FWISD's obligations under Title IX.

4.17    The Regulations further require that sponsors of interscholastic and other school-sponsored athletics comply with the Regulations within three years of the effective date (which was July 21, 1975). Now more than 45 years later, FWISD has still not fully complied with Title IX.

## V.
## THE U.S. CONSTITUTION

5.1    The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

5.2 Under 42 U.S.C. § 1983, Defendant may be held liable for its actions in violating Plaintiffs' daughters' rights under the Fourteenth Amendment.

## VI.
## INJUNCTIVE RELIEF

6.1 Plaintiffs are entitled to injunctive relief to end Defendant's unequal, discriminatory, and unlawful treatment of female student athletes. Because of Defendant's acts and omissions, Plaintiffs' daughters continue to be deprived of the rights guaranteed to them by the United States Constitution and the laws of the United States. Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs' daughters in that Plaintiffs' daughters' Fourteenth Amendment rights will be violated and that Plaintiffs' daughters will never be able to participate in interscholastic and other school-sponsored athletics on an equal basis with their male classmates, if at all.

6.2 Accordingly, Plaintiffs do not have an adequate remedy at law for this harm. This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendant. Finally, the injunctive relief sought would in no way disserve the public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## VII.
## ATTORNEYS' FEES

7.1 Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 for all claims stated herein.

## VIII.
## FIRST CLAIM FOR RELIEF: TITLE IX

(Unequal Participation Opportunities)

8.1 Plaintiffs reallege and incorporate herein by reference paragraphs 1.1 through 7.1 inclusive of this Complaint.

8.2 By offering certain opportunities to male students to participate in interscholastic and other school-sponsored athletics, FWISD has demonstrated its determination that athletic opportunities provide educational benefits that should be supported by the school system. Plaintiffs agree with this determination that athletic opportunities provide valuable educational benefits. For this very reason, Plaintiffs contend that their daughters - and all of the female students at FWISD - should have equal access and opportunity to receive these same benefits that the male students at FWISD already have. FWISD historically has not provided and currently does not provide its female students with such equal access and opportunity.

8.3 FWISD has violated Title IX by discriminating against female students at FWISD, including the Plaintiffs' daughters, by among other things, failing to provide equal opportunities for females to participate in girls' rugby at Plaintiffs' daughters' schools.

8.4 For over a decade, proponents of girls' rugby have sought recognition as a varsity sport, or, when student clubs have formed, have sought to be treated equally with boys' club sports in access to facilities. FWISD has refused to permit either. Significant numbers of girls have been interested in playing rugby at schools within FWISD, (thirty girls at each of five schools, at one point). That interest has never been developed or met by FWISD. Plaintiffs have informed FWISD that its actions discriminate against their daughters and against all of FWISD's female students at Plaintiffs' daughters' schools, and that these actions constitute violations of the Title IX rights of these students. Despite the fact that Plaintiffs have drawn these inequities to the attention of FWISD, it has continued to fail and refuse to take the necessary actions to remediate existing violations, even though the Regulations mandate that it do so.

8.5     On information and belief, Plaintiffs allege that FWISD has failed to comply with each of the three (3) parts of the test for determining the equal opportunity to participate in athletics under Title IX described in Paragraph 32 above. In particular, on information and belief, Plaintiffs allege that:

> (1)     The ratio of female to male athletes at FWISD's schools, and specifically at the schools in which Plaintiffs' daughters are students, are not substantially proportionate to the overall ratio of female to male students at FWISD's schools.
>
> (2)     FWISD does not have a sufficient history or continuing practice of program expansion.
>
> (3)     FWISD has failed to effectively accommodate the interests of Plaintiffs' daughters and the rest of the District's female students.

8.6     Female students have historically been and continue to be underrepresented in FWISD's interscholastic and other school-sponsored athletic programs. Despite this underrepresentation and despite the interest and abilities of Plaintiffs' daughters and other female students to participate in girls' rugby, FWISD has failed to accommodate this and other interests.

8.7     FWISD's conduct has persisted despite the mandates of the Regulations, particularly 34 C.F.R. §§ 106.3(a) and 106.41(d).

8.8     FWISD's conduct violates 20 U.S.C. § 1681 *et seq.,* as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

## IX.
## SECOND CLAIM FOR RELIEF: TITLE IX

(Unequal Treatment and Benefits)

9.1     Plaintiffs reallege and incorporate herein by this reference paragraphs 1.1 through 7.1 inclusive of this Complaint.

9.2     FWISD by its conduct, has violated Title IX by discriminating against female students, including the Plaintiffs' daughters, by, among other things, failing to provide female athletes with the same treatment and benefits which are comparable overall to the treatment

and benefits provided to male athletes.  For over a decade, proponents of girls' rugby have sought recognition as a varsity sport, or, when student clubs have formed, have sought to be treated equally with boys' club sports in access to facilities. FWISD has refused to permit either.

9.3     Over the years, significant numbers of girls have been interested in playing rugby at schools within FWISD, (thirty girls at each of five schools, at one point). That interest has never been developed or met by FWISD.  In 2008, for example, the girls club rugby team (with forty girls) was using the softball field at Trimble Tech, with permission, for practice.  They were displaced by the boys' freshman football team, despite the availability of the baseball field. The girls' club rugby was then told to move to spring, at which point its numbers dwindled.  More recently, in 2021, at Trimble Tech, the girls' club rugby asked to practice on either the baseball or softball field, but they were denied access.  This left them with only the front of the school, which is half pavement, unsafe, and too small, as an on-campus practice location.  In contrast, the power-lifting club at Trimble Tech (which is mostly or all male) is given access to appropriate facilities, as well as other benefits not afforded girls' club rugby.

9.4     Plaintiffs have informed FWISD that its actions constitute violations of Plaintiffs' daughters Title IX rights, as do its failure and refusal to take actions to remediate existing violations. Despite being provided this information, FWISD continues to refuse to remediate its violations of Title IX.

9.5     On information and belief, Plaintiffs allege that FWISD has failed to comply with Title IX by failing to provide female athletes with comparable treatment and benefits including, but not limited to, the following areas:

>  (1)     FWISD funds interscholastic and other school sponsored athletics in a manner that discriminates against female athletes.
>
>  (2)     FWISD provides male athletes with newer equipment and supplies that are of better quality than those provided to female athletes.
>
>  (3)     Female athletes are discriminated against in regard to meals and/or travel to games and/or practice sites.

(4)   FWISD unfairly discriminates against female athletes in the scheduling of their game times.

(5)   FWISD compensates coaches for the girls' and boys' teams in a manner which discriminates against female athletes.

(6)   FWISD selects coaches for female athletic teams with less care and attention than for male athletic teams. As a result, the coaches of the female athletic teams often have less expertise than the coaches of the male athletic teams.

(7)   FWISD supplies superior locker rooms, practice facilities, and competition facilities to boys compared to girls.

(8)   The provision of medical and training facilities and services are inequitable in that male athletes have superior access to these facilities and services, while the female athletes have very limited access to these facilities and services.

9.6   The imbalance in the treatment of and benefits for female and male athletes at FWISD, as detailed above, demonstrates FWISD's failure to comply with Title IX.

9.7   FWISD's conduct has persisted despite the information provided and the requests made by Plaintiffs and despite the mandates of the Regulations, particularly 34 C.F.R. §§ 106.3(a) and 106.41(d) and the Policy Interpretation.

9.8   FWISD's conduct violates 20 U.S.C. § 1681 *et seq.,* as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

## X.
## THIRD CLAIM FOR RELIEF: EQUAL PROTECTION
## 42 U.S.C. § 1983

10.1   Plaintiffs reallege and incorporate herein by reference paragraphs 1.1 through 7.1 inclusive of this Complaint.

10.2   Defendant, by its (1) failure to provide equal athletic opportunities for female students and (2) failure to provide female athletes with the same treatment and benefits as the male athletes (as detailed above), have purposely discriminated against female students, including the daughters of the named Plaintiffs, on the basis of gender, and have intentionally

deprived them of their rights to equal protection secured by the Fourteenth Amendment to the United States Constitution. FWISD has consistently refused to sponsor additional participation opportunities for female athletes as detailed above.

10.3  Section 1983 of Title 42 of the United States Code prohibits Defendant from depriving Plaintiffs' daughters of their rights, privileges, and/or immunities secured under the United States Constitution. All of the wrongful conduct described herein was caused by the policymakers of Defendant FWISD, and such conduct was sanctioned by FWISD's board of trustees, and others, all singularly or collectively acting as policymakers for FWISD in this case.

10.4  FWISD, through its administrators, board, and Title IX coordinators, acted under color of law for purposes of the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Under this section, FWISD is liable and subject to Plaintiffs' claims for injunctive and declaratory relief for their violation of the Plaintiffs' daughters' constitutional rights under the Fourteenth Amendment.

## JURY REQUEST

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request trial by jury.

## PRAYER

WHEREFORE, Plaintiffs respectfully pray that this Court:

1.  Enter an order declaring that Defendant have engage in a past and continuing pattern and practice of discrimination against Plaintiffs' daughters and other female students on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including both unequal participation opportunities and unequal treatment and benefits).

   2. Issue a permanent injunction (a) restraining Defendant and its officers, agents, employees, successors, and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs' daughters and other female students on the basis of gender; and (b) requiring Defendants, immediately upon issuance of the injunctive order to adopt and implement a budget and plan which corrects and remediates Defendants' violations of Title IX and the Fourteenth Amendment. Such a plan should include, among other things, (1) allowing female students the equal opportunity to participate in interscholastic and other school-sponsored athletics, and specifically girls' rugby, and (2) providing female athletes with treatment and benefits comparable to those provided to male athletes.

   3. Grant an expedited hearing and ruling on the permanent injunction request in B above.

   4. Award Plaintiffs their reasonable attorneys' fee and costs pursuant to U.S.C Section 1988.

   5. Award Plaintiffs their reasonable attorney's fees and costs pursuant to U.S.C. Section 1988; and

   6. Order such other and further relief as the Court deems just.

          Respectfully submitted

          /s/  *Frank Hill*
          Frank Hill  SBN 09632000
          fhill@hillgilstrap.com

          **HILL GILSTRAP, P.C.**
          1400 W. Abram Street
          Arlington, Texas 76013
          (817) 261-2222
          (817) 861-4685 FAX
          **ATTORNEY FOR PLAINTIFFS**